**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

MARLON WESLEY MCNEILL,

Plaintiff,

v. Case No. 4:25-cv-454-TKW-MJF

RICKY DIXON, *et al.*,

Defendants.
_______________________________________/

# REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with four court orders, the District Court should dismiss this action without prejudice.

## BACKGROUND

Plaintiff filed a second amended complaint. Doc. 15. Plaintiff's second amended complaint was deficient in several respects. For example, it was a "shotgun pleading" that violated the Federal Rules of Procedure. Accordingly, on May 21, 2026, the undersigned struck Plaintiff's second amended complaint. Doc. 16. The undersigned ordered Plaintiff to file a third amended complaint. *Id.* The undersigned imposed a compliance deadline of June 12, 2026, and warned Plaintiff that the

failure to comply with the order likely would result in dismissal of this action.

On June 4, 2026, Plaintiff requested an extension of time to file an amended complaint. Doc. 17 at 1. On June 8, 2026, the undersigned granted Plaintiff's motion and provided Plaintiff until July 6, 2026, to file an amended complaint. Doc. 18. The undersigned warned Plaintiff that the failure to comply with the court order likely would result in dismissal of this civil action.

On June 16, 2026, Plaintiff moved for leave to file a proposed third amended complaint. Docs. 21 & 20. Plaintiff sought to add new Defendants and new claims. Because Plaintiff's proposed complaint failed to state a plausible claim for relief, on July 28, 2026, the undersigned denied Plaintiff's motion and struck the proposed amended complaint. Doc. 23.

The undersigned afforded Plaintiff yet another opportunity to file an amended complaint that complied with the orders of May 21 and June 8, 2026. *Id.* The undersigned imposed a compliance deadline of August 18, 2026, and warned Plaintiff that the failure to comply with the order

likely would result in dismissal of this civil action. Plaintiff did not comply with that order.

On September 10, 2026, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's orders of May 21, June 8, and July 28. Doc. 24. The undersigned also ordered Plaintiff to submit an amended complaint that complied with the prior orders. The undersigned imposed a compliance deadline of September 23, 2026, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

Plaintiff did not respond to the show cause order. He has offered no excuses for his failure to comply with the prior orders. He did, however, file a motion for leave to file an amended complaint and a proposed amended complaint. Docs. 25 & 26. Because Plaintiff failed to use the court-approved form—in violation of the Local Rules—and because Plaintiff's proposed amended complaint failed to state a plausible claim for relief, the undersigned denied the motion. Doc. 27.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty.*

*Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has not filed an amended complaint on the court-approved form that corrects the defects identified by the undersigned's prior orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with four court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Panama City, Florida, this 5th day of October 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**